## SUPREME COURT

The People ex rel. Gale, agt. The Trustees of School District No. 13, in the towns of Busti and Harmony.

Where a collector of a school district is sued for acts done by him by virtue of his office, and he has incurred expenses thereby; and has served upon the trustees of the district due notice of an application to the board of supervisors of the county, with a copy of his account, verified as required by the statute (*Laws of* 1847, *p.* 163, *ch.* 172, *and amended by Laws of* 1849, *p.* 545, *ch.* 388), and the board make an order for the payment of such expenses upon the district, the trustees not appearing on the application; a *mandamus* will issue to compel the execution of such order, notwithstanding it may appear that the claim never was laid before or passed upon by the taxable inhabitants of the district, as required by the 1st section of the aforesaid act (1849).

*Chautauque Circuit and Special Term, September* 1851. The moving papers show that from January to 10th September 1850, the relator was collector of the school district No. 13, in the towns of Busti and Harmony, in Chautauque county, during which time he was sued for acts done in his official capacity as such collector, and was put to great costs and expenses in defending the suits.

That on the 11th day of December 1850, in pursuance of the act in relation to suits against district school officers, passed May 1st, 1847, he made application to the board of supervisors of said county for an order requiring the payment of such costs and expenses by said school district, having given the trustees due notice of the application, as required by said act. That such proceedings were thereupon had, that on the said 11th December 1850 an order was made and entered in the minutes of the board of supervisors at a legal meeting thereof, in the words and figures following, viz:

At a meeting of the board of supervisors of Chautauque county, held at the court house in Mayville, on the 11th day of December 1850, the following order was, by a majority of all the members elected thereunto, made and entered in the minutes of proceedings of said board, viz: " It is hereby ordered by the board of

Gale agt. Trustees of School District.

supervisors of Chautauque county, that the account of Seymour Gale against school district No. 13, in the towns of Busti and Harmony, to the amount of twenty-six dollars and fifty-six cents, it being for costs, charges and expenses paid by said Gale in defending three several suits brought against him in his official capacity as collector of said district, be paid to him by such district.   Dated Mayville, Dec'r 11, 1850.

R. E. FENTON, <em>Ch'n of Board.</em>

CHARLES CHADWICK, <em>Clerk of Board.</em>"

That on the 25th day of December 1850, the relator served a certified copy of such order on Eleazer Green, William Clark and William Kelso, who were then the trustees of said district. That more than thirty days have elapsed, and that the trustees have neglected and refused to issue their warrant to collect the amount so directed to be paid.   That on the 9th September 1851, the term of office of said William Kelso expired, and John Kent was elected in his place.

The opposing affidavits show that when the relator served upon the trustees notice of his application to the board of supervisors for the order above set forth, with the amount of costs, charges and expenses claimed to have been paid by him, the trustees were told by the relator that one Norton was employed by him to present the application to the supervisors, and that Norton upon being referred to the acts of 1847 and 1849, on the subject, and being informed that the relator's claim had not been passed upon by the taxable inhabitants of the district, stated that the supervisors had nothing to do with the matter; and that the trustees therefore neglected to appear before the board to oppose it, believing from what passed between them and Norton, that the application would not be presented.   The affidavits show that the claim never was, in fact, laid before or passed upon by the taxable inhabitants of the district, and state some other matters tending to impeach the justice and legality of some portion of the relator's claim.   It appeared that the trustees had due notice of the application to the board of supervisors, and a copy of the relator's account verified according to the statute was served upon the trustees at the same time.   The relator asks for a mandamus

commanding the trustees to issue their warrant for the collection of the money as directed by the board of supervisors.

AUSTIN SMITH, *for the Relator.*

A. HAZELTINE, *for the Trustees.*

WELLES, Justice.—The law upon which the order of the board of supervisors was founded, is *ch.* 172 *of Laws of* 1847 (*p.* 163), as amended by *ch.* 388 *of Laws of* 1849 (*p.* 545). The first section of the first mentioned act makes it the duty of the trustees in certain cases to ascertain the actual amount of costs, charges and expenses paid by any officer of a school district in case of a suit commenced against him for an act performed by virtue or under color of his office, and to cause the same to be collected of the district, and paid to such officer.

The mode of ascertaining the amount is directed in the second and third sections of the act, which is by the claimant applying to the board of supervisors, after notice to the trustees. and service of a copy of the account duly verified.

The fourth section requires the trustees to issue their warrant for the collection of the amount directed by the supervisors to be paid, &c.

The act of 1849 merely substitutes an amended section in place of the first section of the act of 1847; and the only difference I can perceive between the original and amended sections is that by the latter, the trustees are not to take any action towards ascertaining the amount of the claim, unless a majority of the taxable inhabitants of the district shall first so determine.

In the present case, it is shown on the part of the defendants, that this claim has never been laid before or acted upon by the taxable inhabitants of the district. nor have they made any determination on the subject. But it is also shown that the relator gave due notice of the application to the board of supervisors, with a copy of the account sworn to as provided in the second section of the act. The act does not require the claimant to prove before the board that the taxable inhabitants have determined upon the allowance of the claim, or that any proceedings have been had by or before them on the subject of the claim. On

Gale agt. Trustees of School District.

the contrary, the third section declares that upon the appearance of the parties, or upon due proof of service of the notice of the application and of the account, if the board shall be of opinion that the account, or any portion of it, ought justly to be paid, such board, by an order to be entered in its minutes, shall direct its payment. The same section declares that the account, with the oath of the party claiming it, shall be *prima facie* evidence of the correctness thereof. If, when this claim was presented to the board of supervisors, it was accompanied with proof of service of notice of the application and of such copy account, and no one appeared on behalf of the defendants to oppose its allowance and settlement, I think the board had jurisdiction to make the order. In such case it was not necessary for them to inquire whether the taxable inhabitants of the district had determined upon its allowance. The second section of the act made it the duty of the trustees to attend and protect the rights and interests of the district, and if they neglected so to appear, the supervisors were warranted in assuming that no good reason existed why the account should not be ordered paid. It is no answer, in my opinion, for the trustees to say at this stage of the business, that they supposed the application would not be made. If any deception was practiced upon them by the relator or his agents in reference to the presentation of the claim, their remedy, if they have any, must be otherwise than resisting the order of the board. After the board have acquired jurisdiction under the act, and have made the order, we can not go behind it for the purpose of inquiring after irregularities or omissions in the proceedings of the relator, before the making of the order. The act is imperative upon the trustees to issue their warrant for the collection of the money. This they have neglected, although more than thirty days have elapsed since a certified copy of the order was served upon them.

I shall, therefore, direct an alternative mandamus to issue, with ten dollars costs, &c. The order to be so drawn, that the costs of motion are only to be paid in case the trustees obey the writ at once, and not in case they make return, &c.